**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

YASAR QAHTAN SAUD                          DOCKET NO. 2:25-cv-00393

VERSUS                                     JUDGE JAMES D. CAIN, JR.

FEDERAL BOP, ET AL                         MAGISTRATE JUDGE LEBLANC

REPORT AND RECOMMENDATION

Before the court are the Motions for Temporary Restraining Order or Preliminary Injunction [docs. 1, 5] filed by plaintiff Yasar Qahtan Saud ("Saud"), who is proceeding pro se and *in forma pauperis* in this matter.

I.    BACKGROUND

In his original complaint, filed on March 26, 2025, Plaintiff complains that the Warden and Chaplain at the Federal Correctional Institution at Oakdale (FCIO) are interfering with his right to practice his religion by failing to provide three (3) dates per meal to break his fast during Ramadan. Doc. 1, p. 3. In his amended complaint [doc. 5], which he was ordered to file on proper forms, he expounds on his religious freedom claim alleging that the facility has "consistently failed to provide essential Islamic and Shia-specific religious items," including a prayer rug, head coverings, prayer beads, religious oils, literature and texts (*id* at p. 3), that the facility has restricted access to prayer facilities (*id.* at p. 4), that the March 30, 2025 EID AL-FITR prayers were postponed until March 31, 2025, (*id.*), and the EID meal was rescheduled to April 3, 2025, undermining the communal and religious significance of the occasion (*id.*).

Through a TRO, plaintiff asks the Court to require the defendants to provide three dates per day to plaintiff and all Muslim inmates during Ramadan, designate and maintain a clean, private and accessible prayer space for use five times daily, including restrooms or unsanitary

-1-

areas, distribute Shia-specific religious items, and conduct EID AL-FITR prayers and meals on the correct religious calendar date, without postponement or cancellation.  Doc. 5.

## II.    LAW AND ANALYSIS

### A.  Frivolity Review

Saud has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B.  Improper Defendant

Plaintiff names the Federal Bureau of Prisons as a defendant in this *Bivens* suit.  A *Bivens* claim may not be brought against a federal agency such as the BOP.  *Marino v. Mairorana*, 707 F. App'x. 812, 812 (5th Cir. 2018) (citing *FDIC v. Meyer*, 510 U.S. 471 (1994)). Accordingly, all claims against the BOP should be dismissed.

### C.  TRO

A preliminary injunction can be issued only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.,* 210 F.3d 439, 442 (5th Cir. 2000).  If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir. 1985). Furthermore, in the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial

restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances," the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

First, plaintiff cannot show that "immediate and irreparable injury, loss or damage" would occur before defendants could be heard in this case. As of the filing date of the original complaint on March 26, 2025, Ramadan was nearly at an end. Ramadan started on March 1, 2025, and ended around sunset on March 30, 2025. *See Ali v. Washington*, 2025 U.S. Dist. LEXIS 105955, *10 (E.D. Mich. May 6, 2025). The timing of the complaint left inadequate time for meaningful response before the end of Ramadan, making this matter ill-suited to injunctive relief or TRO. *Id.* Additionally, the Court can now no longer craft an injunctive remedy compelling defendants to take corrective actions in the past. *Id.*

To obtain preliminary injunctive relief, Plaintiff first must demonstrate a likelihood of success on the merits of his lawsuit. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013). The posture of this case is in the early stage, and the parties have not conducted any discovery in this case with respect to Plaintiff's claims. Plaintiff otherwise fails to argue or otherwise show a likelihood of success at this time with respect to the merits of his constitutional and RLUIPA claims. *See Williams v. Gauna*, 2022 U.S. Dist. LEXIS 90246, *23 (S.D. Tex. April 19, 2022). Because Plaintiff cannot carry his burden as to all four elements, he cannot demonstrate an entitlement to a preliminary injunction as of this time.

### III.    CONCLUSION

For reasons stated above,

**IT IS RECOMMENDED** that Saud's Motions for Temporary Restraining Order or Preliminary Injunction [Docs. 1, 5] be **DENIED.**

**IT IS FURTHER RECOMMENDED** that all claim against the Federal Bureau of Prisons be **DISMISSED.**

Service as to the remaining defendants will be addressed by a separate order.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 16th day of March, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE